IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOHN A. HOSKINS, )
 )
         Plaintiff, )
 )
         v. )    No. 10-3513-SSA-CV-S-MJW
 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
 )
         Defendant. )

## ORDER

Plaintiff John A. Hoskins seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on October 11, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff  filed an application for Social Security disability benefits on July 10, 2007.  Plaintiff is a 48-year-old male born on November 29, 1962.  Plaintiff was 41 years of age at his alleged onset of January 19, 2004.  Plaintiff alleges he became disabled after suffering a heart attack.  Plaintiff worked prior to his alleged onset date as a retail manager and retail sales clerk.

Plaintiff's Social Security disability insurance claim was initially denied on September 4, 2007.  Thereafter, he filed a written request for a hearing.  Plaintiff appeared and testified at the hearing on June 22, 2009.  On July 15, 2009, the Administrative Law Judge (ALJ) found that plaintiff was not suffering from a disability as defined by the Social Security Act.  The Appeals Council subsequently denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.

The ALJ's decision concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and that plaintiff has not engaged in substantial gainful activity since January 19, 2004.  The ALJ determined plaintiff suffered from the severe impairments of coronary artery disease status post double coronary artery bypass grafts, obesity, sleep apnea, a history of a diagnosis of fibromyalgia syndrome, and a bipolar disorder.  The ALJ

2

Case 6:10-cv-03513-MJW   Document 18   Filed 10/18/11   Page 2 of 5

did not find that any of plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ went on to determine that while Hoskins' medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the finding that Hoskins had a residual functional capacity (RFC) to maintain sedentary work within the stated limitations to account for his severe impairments. Based on the testimony of a vocational expert, the ALJ found that although plaintiff could not do past relevant work, he was capable of making successful adjustment to other work that exists in significant numbers in the national economy.

Plaintiff alleges the ALJ erred in (1) failing to give greater weight to the opinions of plaintiff's treating physicians, Drs. West and Oliver; (2) alternatively giving substantial weight to opinions of a nonexamining medical consultant and a nonmedical source governmental employee; and (3) failing to articulate a proper RFC for plaintiff.

The Commissioner argues the ALJ properly set forth specific reasons for discounting plaintiff's credibility and the opinions of plaintiff's treating sources.

Upon review, this court finds that there is not substantial evidence in the record to support the ALJ's discounting the opinions of both of plaintiff's treating physicians and in determining plaintiff has the RFC to do sedentary work.

A treating doctor's opinion is entitled to controlling weight if it is well supported by acceptable diagnostic procedures and is not inconsistent with other substantial evidence. 20C.F.R. § 404.1527. See also Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion). Here, a review of the record fails to support that the opinions of two of plaintiff's treating doctors should have been discounted.

Further, while the ALJ can properly credit other medical evaluations in the record over that of a treating physician, the ALJ can only do so when those assessments are supported by better evidence within the record as a whole. See Heino v. Astrue, 578 F.3d 873 (8th Cir. 2009). Here, the ALJ fails to point to better evidence in the record as a whole as to plaintiff's physical abilities. While a consultive examination as to plaintiff's mental abilities was available for

3

review, the ALJ did not have a consultive examination on which to rely regarding plaintiff's physical abilities.

## Residual Functional Capacity

The residual functional capacity is the most a claimant can do despite his or her physical or mental limitations. 20 C.F.R. § 416.945(a). When determining the claimant's RFC, the ALJ must consider all relevant evidence, but ultimately the determination of the claimant's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, there must be medical evident to support the ALJ's RFC. Id. See also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). If there is no such evidence, the ALJ's decision cannot be said to be supported by substantial evidence. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). Here, the ALJ, while discounting the reports of Drs. Oliver and West, cites to the report of a nonexamining medical consultant and the opinion of a nonmedical source Social Security employee. A review of these opinions indicates that the consultive examination addressed only plaintiff's mental abilities and that the ALJ's reliance on the opinion of the nonmedical source appears to have been in error. Neither of the opinions cited by the ALJ support her RFC determination as to plaintiff's physical capabilities. The ALJ cannot draw her own inferences from medical reports as to how the claimant is limited. Nevland, 204 F.3d at 858. The lack of medical evidence to support the RFC determination leaves this record insufficiently developed. Further, it appears that not all of Dr. West's medical records (see Tr. 14F) were addressed by the ALJ. The ALJ noted only a few pages of records from Dr. West when, in fact, there were many more pages of records that apparently were missed on review. These additional records appear to corroborate the opinion of plaintiff's previous treating physician, Dr. Oliver.

## Conclusion

After carefully reviewing the record, this Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of the record. Further medical evidence in the form of a consultative examination of plaintiff by a medical expert, to include review of all of plaintiff's medical records, including

all of Dr. West's records (Tr. 14F), is required to fully develop the record and make a proper RFC determination.  See 20 C.F.R. § 416.919a.  See also Chatman v. Astrue, 2007 WL 5110319 (E.D. Mo. 2007) (because no medical evidence to support the RFC attributed to claimant, the ALJ has duty to order consultive medical examination and to fully develop the record).  Specifically, plaintiff's physical abilities and limitations should be addressed.  The medical expert should provide a medical source statement specifically indicating plaintiff's ability to physically function in the work place.  Such medical source statement can then be reviewed in light of the substantial evidence in the record.

     IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

     Dated this 18th day of October, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge